# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CARL LEE WALKER | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| TRANS UNION, LLC | ) |
|    and | ) |
| EQUIFAX INFORMATION | ) |
| SERVICES, LLC | ) |
|    and | ) |
| EXPERIAN INFORMATION | ) |
| SOLUTIONS, INC. | ) |
|    and | ) |
| CAVALRY PORTFOLIO SERVICES, | ) |
| LLC | ) |
|    and | ) |
| SYNDICATED OFFICE SYSTEMS, | ) |
| INC. d/b/a CENTRAL FINANCIAL | ) |
| CONTROL | ) |
| | ) |
|    Defendants. | ) |
| | ) |

Civil Action No.

## <u>COMPLAINT</u>

1.    This is an action for damages brought by an individual consumer, Carl Lee Walker, against Trans Union, Equifax Information Services, LLC, Experian Information Solutions, Inc., LLC, Cavalry Portfolio Services, LLC, and Central Financial Control, for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681, et seq., as amended, the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692, et seq.,  and various other common law rights.

## PARTIES

2.      Plaintiff Carl Lee Walker is an adult individual and citizen of the state of Missouri residing at 8018 Appleton Drive, St. Louis, Missouri 63130.

3.      Defendant Trans Union, LLC ("Trans Union") is a business entity which regularly conducts business in Philadelphia County, Pennsylvania, and which has a principal place of business located at 1510 Chester Pike, Crum Lynne, Pennsylvania 19022.

4.      Defendant Equifax Information Services LLC ("Equifax") is a business entity which regularly conducts business in Pennsylvania and has a principal place of business located at 6 Clementon Road, East, Suite A2, Gibbsboro, New Jersey 08026.

5.      Defendant Experian Information Systems ("Experian") is a business entity which regularly conducts business in Pennsylvania, and which has a principal place of business located at 5 Century Drive, Parsippany, New Jersey 07054.

6.      Defendant Cavalry Portfolio Services, LLC ("Cavalry") is a business entity which regularly conducts business in Philadelphia County, Pennsylvania, and which has a principal place of business located at 7 Skyline Drive, Hawthorne, New York 10535.

7.      Defendant Syndicated Office Systems, Inc. d/b/a Central Financial Control ("CFC") is a business entity which regularly conducts business in Philadelphia County, Pennsylvania, and which has a principal place of business located at 1400 S. Douglass Road, Anaheim, CA 92806.

## JURISDICTION & VENUE

8.      Jurisdiction of this Court arises under 15 U.S.C. § 1681p and 28 U.S.C. § 1331, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

9.      Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b).

2

## FACTUAL ALLEGATIONS

10.     Defendants have been reporting derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's credit history to third parties (hereafter the "inaccurate information").

11.     The inaccurate information includes, but is not limited to, accounts with Account Resolution Corporation, Cavalry, CFC, Syndicated Office Systems, and a public record with Saint Louis Independent City Association.

12.     The inaccurate information negatively reflects upon Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a debtor and Plaintiff's credit worthiness. The inaccurate information consists of accounts and/or tradelines that do not belong to Plaintiff, as well as incorrect personal identifying information.

13.     Equifax, Experian, and Trans Union have been reporting the inaccurate information through the issuance of false and inaccurate credit information and consumer credit reports that they have disseminated to various persons and credit grantors, both known and unknown.

14.     Plaintiff has disputed the inaccurate information with Trans Union by both oral and written communications to their representatives and by following Trans Union's established procedures for disputing consumer credit information.

15.     Plaintiff has disputed the inaccurate information with Trans Union including but not limited to, from October 2010 through the present.

16.     Notwithstanding Plaintiff's efforts, Trans Union has sent Plaintiff correspondence indicating their intent to continue publishing the inaccurate information and Trans Union

continues to publish and disseminate such inaccurate information to other third parties, persons, entities and credit grantors. Trans Union has repeatedly published and disseminated consumer reports to such third parties from at least September 2010 through the present.

17.     Despite Plaintiff's efforts, Trans Union has  never: (1) contacted Plaintiff to follow up on, verify and/or elicit more specific information about Plaintiff's disputes; (2) contacted any third parties that would have relevant information concerning Plaintiff's disputes; (3) forwarded any relevant information concerning Plaintiff's disputes to the entities originally furnishing the inaccurate information; (4) requested or obtained any credit applications, or other relevant documents from the entities furnishing the inaccurate information; or (5) performed any handwriting analysis.

18.     Notwithstanding Plaintiff's disputes, Cavalry and CFC have also failed to conduct timely and reasonable investigations of Plaintiff's disputes after being contacted by the relevant credit reporting agencies concerning Plaintiff's disputes, have willfully continued to report such inaccurate information to various credit reporting agencies, and have failed to mark the above accounts as disputed.

19.     Despite Plaintiff's exhaustive efforts to date, Defendants have nonetheless deliberately, willfully, intentionally, recklessly and negligently repeatedly failed to perform reasonable reinvestigations of the above disputes as required by the FCRA, have failed to remove the inaccurate information, have failed to report on the results of its reinvestigations to all credit reporting agencies, have failed to note the disputed status of the inaccurate information and have continued to report the derogatory inaccurate information about Plaintiff.

20.     As of result of Defendant's conduct, Plaintiff has suffered actual damages in the form of (a) lost credit opportunities, (b) harm to credit reputation and credit score, and (c) emotional distress.

21.     At all times pertinent hereto, Defendants were acting by and through their agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendants herein.

22.     At all times pertinent hereto, the conduct of the Defendants, as well as that of their agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of the Plaintiff herein.

## COUNT ONE – EQUIFAX, EXPERIAN, & TRANS UNION – VIOLATIONS OF THE FCRA

23.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

24.     At all times pertinent hereto, Defendants were "persons" and "consumer reporting agencies" as those terms are defined by 15 U.S.C. § 1681a(b) and (f).

25.     At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

26.     At all times pertinent hereto, the above-mentioned credit reports were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

27.     Pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o, Defendants are liable to the Plaintiff for engaging in the following conduct:

(a)     willfully and negligently failing to conduct a proper and reasonable reinvestigation concerning the inaccurate information after receiving

notice of the dispute from the Plaintiff, in violation of 15 U.S.C. §1681i(a);

(b)     willfully and negligently failing to provide prompt notice of the inaccurate information and Plaintiff's dispute to the furnishing entities, in violation of 15 U.S.C. §1681i(a);

(c)     willfully and negligently failing to provide all relevant information provided by the Plaintiff regarding the dispute of the inaccurate information to the furnishing entities, in violation of 15 U.S.C. §1681i(a);

(d)     willfully and negligently failing to review and consider all relevant information submitted by the Plaintiff concerning the dispute of the inaccurate information, in violation of 15 U.S.C. §1681i(a);

(e)     willfully and negligently reinserting inaccurate information that had been deleted from Plaintiff's  file without notifying Plaintiff, in violation of 15 U.S.C. §1681i(a);

(f)     willfully and negligently failing to delete the inaccurate information from Plaintiff's credit file after reinvestigation, in violation of 15 U.S.C. §1681i(a);

(g)     willfully and negligently failing to note the Plaintiff's dispute of the inaccurate  information and in subsequent consumer reports, in violation of 15 U.S.C. §1681i(c);

(h)     willfully and negligently failing to timely and properly investigate the inaccurate information after receiving notice of the dispute from Plaintiff;

(i)    willfully and negligently failing to employ and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report, information and file, in violation of 15 U.S.C. §1681e(b);

(j)    willfully and negligently failing to properly and timely delete the inaccurate information  from the Plaintiff's credit files despite being unable to verify the accuracy of the information and/or being provided with proof of its inaccuracy; and

(k)    willfully and negligently continuing to report the inaccurate information despite having knowledge of its inaccuracy and/or inability to be verified.

28.    The conduct of Defendants was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to the Plaintiff that are outlined more fully above and, as a result, Defendants are liable to the Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

## COUNT TWO – CAVALRY & CFC – VIOLATIONS OF THE FCRA

29.    Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

30.    At all times pertinent hereto, Defendants were "persons" as that term is defined by 15 U.S.C. § 1681a(b).

31.    Defendants violated 15 U.S.C. §§ 1681n and 1681o of the FCRA by engaging in the following conduct:

(a)    willfully and negligently failing to conduct an investigation of the inaccurate information that Plaintiff disputed;

(b)     willfully and negligently failing to review all relevant information concerning Plaintiff's account provided to Cavalry and CFC;

(c)     willfully and negligently failing to report the results of investigations to the relevant consumer reporting agencies;

(d)     willfully and negligently failing to report the inaccurate status of the inaccurate information to all credit reporting agencies

(e)     willfully and negligently failing to properly participate, investigate and comply with the reinvestigations that were conducted by any and all credit reporting agencies concerning the inaccurate information disputed by Plaintiff;

(f)     willfully and negligently continuing to furnish and disseminate inaccurate and derogatory credit, account and other information concerning the Plaintiff to credit reporting agencies and other entities; and

(g)     willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s-2(b).

32.    Defendants' conduct was a direct and proximate cause, as well as a substantial factor, in causing the serious injuries, damages and harm to the Plaintiff that are outlined more fully above, and as a result, Defendants are liable to compensate Plaintiff for the full amount of statutory, actual and punitive damages, along with attorney's fees and costs, as well as such other relief, permitted by law.

## COUNT THREE – CAVALRY & CFC – VIOLATIONS OF THE FDCPA

33.    Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

34.     Defendants are "debt collectors" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

35.     Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

36.     The above disputes by Plaintiff and the reporting of inaccurate information to credit reporting agencies by Defendants are "communications" relating to a "debt" as defined by 15 U.S.C. § 1692a(2) and 1692a(5) of the FDCPA.

37.     Any alleged debts at issue arose out of a transaction which was primarily for personal, family or household purposes.

38.     Defendants violated the FDCPA. Defendants' violations include, but are not limited to, violations of 15 U.S.C. §§ 1692e(2)(A), 1692e(8), 1692e(10), and 1692f, as evidenced by the following conduct:

(a)     The false representation of the amount, character or legal status of the debt;

(b)     The use of false, deceptive, or misleading representation or mean in connection with the collection of any debt;

(c)     Communication or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed; and

(d)     Otherwise using false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect the debt.

39.     Defendants' acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of coercing Plaintiff to pay monies relating to the inaccurate information.

40.     As a result of the above violations of the FDCPA, Defendants are liable to Plaintiff in the sum of Plaintiff's statutory damages, actual damages and attorney's fees and costs.

## I.  JURY TRIAL DEMAND

41.     Plaintiff demands trial by jury on all issues so triable.

## II.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks judgment in Plaintiff's favor and damages against the Defendants, based on the following requested relief:

(a)     Actual damages;

(b)     Statutory damages;

(c)     Punitive damages;

(d)     Costs and reasonable attorney's fees pursuant to 15 U.S.C. §§ 1681n and 1681o; and 1692k(3);

(e)     An order directing that Equifax, Experian, and Trans Union immediately delete all of the inaccurate information from Plaintiff's credit reports and files, and that Cavalry and CFC  cease reporting the inaccurate information to any and all persons and entities to whom they report consumer credit information;

(f)     An order directing that Equifax, Experian, and Trans Union send to all persons and entities to whom they have reported Plaintiff's inaccurate information within the last three years Plaintiff's updated and corrected credit report information; and

(g)      Such other and further relief as may be necessary, just and proper.


Respectfully Submitted,

**FRANCIS & MAILMAN, P.C.**


BY:      _/s/ Mark Mailman_
MARK MAILMAN, ESQUIRE
GREGORY GORSKI, ESQUIRE
Land Title Building, 19th Floor
100 South Broad Street
Philadelphia, PA 19110
(215) 735-8600

Attorneys for Plaintiff


Dated:  April 8, 2011